In the Matter of Lawrence R. Schillinger, Respondent. Committee on Professional Standards, Petitioner. [984 NYS2d 181]—

Per Curiam. Respondent was admitted to practice by this Court in 1984. He maintains an office for the practice of law in the City of Albany.

After a hearing, a Referee sustained charges that respondent made a false statement of fact to a tribunal, engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and engaged in conduct prejudicial to the administration of justice (*see* former Code of Professional Responsibility DR 1-102 [a] [5]; DR 7-102 [a] [5] [former 22 NYCRR 1200.3 (a) (5); 1200.33 (a) (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).* According to the petition of charges, in 2002, respondent filed a CPLR article 78 petition naming as the petitioners persons who had not authorized the petition and did not know about it. Further, the petition was verified by an attorney based solely on information from respondent and falsely stated that it was based in part on consultation with the petitioners, which never occurred. Respondent filed a reply affidavit in the matter that did not correct the verification. Respondent falsely informed petitioner that he had the petitioners' permission to file the article 78 proceeding.

---

* The alleged misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

Petitioner and respondent move and cross-move, respectively, to confirm and disaffirm the Referee's report in part. The Referee's report was largely based on his resolution of credibility issues in favor of the CPLR article 78 petitioners. On this record, we decline to disturb that resolution. We confirm the Referee's report sustaining the three charges of professional misconduct and declining to sustain specification 3 of charge I. We also sustain specification 3 of charge III, which the Referee did not address. We therefore grant and deny the motion and cross motion, each in part, accordingly.

We conclude that, under the circumstances presented, and especially noting respondent's otherwise unblemished disciplinary record, censure is an appropriate disciplinary sanction for respondent's professional misconduct.

Lahtinen, J.P., McCarthy, Garry and Egan Jr, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in charge I, specifications 1 and 2, charge II, specification 1, and charge III, specifications 1, 2 and 3 of the petition; and it is further ordered that the motion and cross motion to confirm and disaffirm the Referee's report are granted and denied in part in accordance with the findings set forth in this decision; and it is further ordered that respondent is censured.